ALEXANDER YOUNG, Sheriff, &c. plaintiff in error, *v.* BENJAMIN H. CAMPBELL *et al.*, defendants in error.

*Error to Jo Daviess.*

Upon demurrer and oyer craved of a writing obligatory, it should be set forth in the record.

When a sheriff, under the provisions of the Attachment Act, takes a forthcoming bond and does not assign the same to the plaintiff in attachment, a suit may be brought in the name of the sheriff for the use of such plaintiff.

The form of a judgment in a suit in attachment is the same as in any other suit, whether there be a personal service or not; but where there is not such service, the award should be only of a special execution. Where there is a personal service, then a general execution should be awarded. In either case, the property attached is specially liable, unless the defendant appear and put in bail as is provided by the Attachment Act.

A declaration upon a forthcoming bond averred, that the defendants did not have the property forthcoming according to the tenor and effect of the bond, "but wholly and totally failed, and neglected and refused to do so:" *Held,* that the declaration was sufficient to show a breach of the condition and to entitle the plaintiff to recover.

DEBT, in the Jo Daviess Circuit Court, upon a forthcoming bond, brought in the name of the plaintiff in error against the defendant in error, and heard before the Hon. Thomas

C. Browne, at the October term, 1846.    Demurrer to the declaration, which was sustained by the Court, and judgment against the plaintiff for costs.

*V. H. Higgins,* for the plaintiff in error.

The demurrer to the declaration in this case goes to the whole declaration, and if it contain one good count, it must be sustained, and the demurrer overruled.    *Cowles* v. *Litchfield,* 2 Scam. 360.

The first count is good.    It sets out a common money bond without any condition, and it no where appears that there is any condition annexed to it.    The Court cannot, therefore, intend that there is any condition.    Willes, 18; Barnes, S. C. 339.

If there was a condition, the defendants should have craved *oyer* of the bond and condition, and made it a part of the record by setting it out in their pleadings in *hæc verba:* otherwise it could not be judicially noticed.    *Bogardus* v. *Trial,* 1 Scam. 63; *Sims* v. *Hugsby,* Bre. Ap. 27; Gould's Pl. ch. VIII, §§ 35, 57, 61.

A sheriff may maintain an action in his own name for a breach of the condition of the bond.    In the case of *Crisman* v. *Matthews,* 1 Scam. 148, the right was not questioned.    See, also, the case of *Roles* v. *Rosewell,* 5 Term R. 538, for the reasons for making the term "may assign" imperative.

*S. T. Logan,* and *C. Gilman,* for the defendants in error.

The demurrer was properly sustained by the Court below.

I.    Because the statute does not authorize a suit upon a forthcoming bond in the name of the sheriff.    Rev. Stat. 65, § 10.    The word "may" in this section means "shall" or "must," it being one of the cases embraced within the decision of this Court in *Schuyler Co* .v. *Mercer Co.,* 4 Gilm. 20; see, also, *Malcom* v. *Rogers,* 5 Cowen, 188.

The Replevin Act, (Rev. Stat. 434, § 7,) expressly au-

thorizes suits upon replevin bonds to be brought by "the sheriff, or plaintiff in the name of the sheriff to his own use." The expression of the right in the one case is the exclusion of it in the other.

II. Admitting, however, for the sake of argument, that this suit is properly brought in the name of the sheriff, the declaration does not contain the necessary foundation.

1. It is not averred that there was a special judgment *in rem;*

2. It is not averred that a special execution for the sale of the property attached was issued; and

3. There is no averment of a demand by the officer holding the execution for the specific property.

In support of the first and second objections, see *Conn* v. *Caldwell,* 1 Gilm. 536; *Moore* v. *Hamilton,* 2 do. 429.

*Higgins,* in reply.

The general principle is, that no other person than the obligee named in the instrument can maintain the action. The legal right is in the nominal obligee, although made for the benefit of another. 1 Chitty's Pl. 2, 3; 5 Wend. 191.

Where the statute gives the right expressly, as in cases of replevin, it is merely declaratory of the Common Law.

The word "may" does not mean "must" or "shall" in cases like this. The cases cited by the counsel for the plaintiff in error are not applicable. The word is never construed in that way except where the public interests and rights are concerned, and where the public have a claim *de jure,* that the power should be exercised. *Malcom* v. *Rogers,* cited by plaintiff.

The correctness of the entry of judgment and award of execution cannot be examined in a collateral suit like the case at bar.

The Opinion of the Court was delivered by

CATON, J. There was a general demurrer sustained to the whole declaration, which contained two counts. The first is in the usual form of a money bond, for the payment of

so much money without condition. The second is upon the same or a similar bond, with a condition in the usual form of a forthcoming bond in an attachment suit.

The declaration avers the recovery of a judgment and the issuing of an execution in that suit, upon which there was a return of *nulla bona* with an averment also, that the defendants did not have the said property or any part thereof forthcoming, &c., according to the *form* and effect of the condition of the bond. The demurrer "craves *oyer* of the said writing obligatory and it is read to them," but it does not set it forth, so that the declaration must be judged of as it stands. No objection has, nor can be urged to the first count, as it stands, and there being one good count, the demurrer, being to the whole declaration, should have been overruled.

Nor do we think the second count obnoxious to the objections urged against it, which are four.

1. That the suit should not have been brought in the name of the sheriff, but the bond should have been assigned to the plaintiff in the attachment suit under the eighth section of the attachment law, and then the suit brought in the name of the latter.

2. The judgment in that case was general, *in personam.*

3. The execution was general, and not special against the property levied upon.

4. No demand of the property was made by the sheriff.

The word 'may" in the section of the statute referred to, does not mean "shall." Neither the interest of the public nor any of the parties requires that construction. The statute authorizes the assignment of the bond, but does not make it imperative. It is a matter of no moment to the defendant whether the suit be brought in the name of the sheriff or of the plaintiff in the other suit. He could make the same defence in either case, and with equal facility.

The form of the judgment is the same in an attachment suit, as in any other, and that too, whether there be a personal service or not; but where there is not such service, the award should be only of a special execution. But where there is

a personal service on the defendant, then a general execution should be awarded, as in an ordinary suit, but in either case the property levied upon under the attachment, is holden by it, and specially liable unless the defendant appears and put in bail as is provided for in the section of the attachment law. When that is done, then the property is released, and not till then. There is nothing on this record to show that such was the case here. But even admitting the irregularity alleged, it could not be taken advantage of in this collateral action. The return of *nulla bona* shows that neither this nor any other of the defendants' property could be found in the county.

The declaration also avers, that the defendant did not have the property forthcoming according to the tenor and effect of the bond, "but wholly and totally failed, neglected and refused so to do." This we think abundantly sufficient to show a breach of the condition of the bond, and to entitle the plaintiff to recover.

The judgment of the Circuit Court is reversed with costs and the cause remanded.

*Judgment reversed.*